856 F.2d 201
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re William H. MAXWELL and Harvey J. Sines.
 No. 88-1184.
 United States Court of Appeals, Federal Circuit.
 Aug. 10, 1988.
 
 Before MAYER and MICHEL, Circuit Judges, and EDWARD D. RE, Chief Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Board of Patent Appeals and Interferences (Board), No. 87-0763, affirming the Special Program Examiner's final rejection of all claims in the application to reissue United States Patent No. 4,135,400 (the '400 patent), is affirmed.
 
 OPINION
 
 2
 The Board correctly determined that applicants Maxwell and Sines violated 37 C.F.R. Sec. 1.56 by failing to disclose the prior art Transigard recorder (T-recorder) to the United States Patent and Trademark Office (PTO) during prosecution of the application that matured into the '400 patent. The record reveals that the T-recorder was similar in both structure and function to the claimed invention; Maxwell had knowledge of the T-recorder and its internal structure during the prosecution of the parent patent application; and Maxwell was an experienced patent agent, well-versed in PTO practice. The Board therefore had ample support for its conclusion that there was "a substantial likelihood that a reasonable examiner would have considered [the T-recorder] important in deciding whether to allow [Maxwell's] application to issue as a patent," and that Maxwell was at least grossly negligent in failing to divulge the T-recorder to the PTO.
 
 
 3
 Maxwell focuses in this appeal on the alleged differences between the claimed invention and the T-recorder. For example, he points out that the T-recorder requires the use of photosensitive film while his device uses a non-photosensitive "chart." But "for inequitable conduct purposes 'claims are given their broadest reasonable interpretation in light of the specification.' " FMC Corp. v. Hennessy Indust., Inc., 836 F.2d 521, 526, 5 USPQ2d 1272, 1276 (Fed.Cir.1987) (quoting J.P. Stevens & Co. v. Lex Tex Ltd., 747 F.2d 1553, 1556, 223 USPQ 1089, 1098 (Fed.Cir.1984)). So, where claim 14 calls for a "chart," that word can reasonably be interpreted to encompass a graph made on photographic film. In fact, the dictionary definition says that "graph" is synonymous with "chart," without any limitation on how the chart is made or on the material out of which it is made. See, e.g., Webster's II New Riverside Dictionary 250 (1984). Therefore, there is no merit to Maxwell's assertion that the term "chart" as used in claim 14 can not reasonably be interpreted to include the graph that is made on photographic film by the T-recorder. Furthermore, the ultimate determination as to the significance of differences between the T-recorder and the claims of this application for a device in the identical art must be made, not by the applicants, but by the examiner, as Maxwell was or clearly should have been aware.
 
 
 4
 Equally unpersuasive is Maxwell's argument that "to destroy [his] patent is too severe a penalty where, as here, the evidence shows that [he] acted reasonably, and in good faith...." As this court recently cautioned, "a patentee facing a high level of materiality and clear proof that it knew or should have known of that materiality, can expect to find it difficult to establish 'subjective good faith' sufficient to prevent the drawing of an inference of intent to mislead." FMC Corp. v. Manitowoc Co., 835 F.2d 1411, 1416, 5 USPQ2d 1112, 1116 (Fed.Cir.1987). Given Maxwell's expertise in patent prosecution and the high materiality of the T-recorder, the attempt to characterize his non-disclosure as nothing more than simple negligence or a good-faith error in judgment is unavailing.
 
 
 5
 Nor can we accept the contention, advanced at argument, that affirmance of the Board's decision in this case would be inconsistent with In re Harita, --- F.2d ----, 6 USPQ2d 1930 (Fed.Cir.1988). Harita was explicitly limited to "the particular and peculiar facts of [that] case with no intent whatsoever to create a precedent applicable to different fact situations." 6 USPQ2d at 1934.
 
 
 6
 Furthermore, "[w]hat was once simply called 'Fraud on the patent office' ... now bears the name 'inequitable conduct' and is governed by rules first promulgated on January 28, 1977...." Id. Because the patent in Harita issued in February of 1976, the court "deem[ed] it essential to consider [the] case in light of the situation as it existed when the acts deemed to bar [the] reissue took place." Here, on the other hand, the patent issued on January 23, 1979, well after the 1977 version of 37 C.F.R. Sec. 1.56 was adopted.
 
 
 
 *
 The Honorable Edward D. Re, Chief Judge, United States Court of International Trade, sitting by designation